**WESTERN AUTO SUPPLY COMPANY, Appellant,**

v.

**Carl E. ANDERSON, Appellee. (D.C. Civil No. 76–0919)**

**No. 79–1482.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Nov. 13, 1979.

Decided Nov. 27, 1979.

As Amended Dec. 11, 1979.

Charles R. Taylor, Jr., P. Jerome Richey, Moorhead & Knox, Pittsburgh, Pa., for appellant.

P. Christian Hague, Meyer, Unkovic & Scott, Pittsburgh, Pa., for appellee.

Before GIBBONS, HIGGINBOTHAM and SLOVITER, Circuit Judges.

OPINION OF THE COURT

GIBBONS, Circuit Judge.

This case is an appeal pursuant to 28 U.S.C. § 1291 (1976) from a final judgment of involuntary dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. We reverse that judgment and remand for further proceedings.

In 1975, Jemdec, Inc. (Jemdec) and Western Auto Supply (Western) filed suits against each other in a Pennsylvania court. In 1976, Western filed the instant suit against defendant Carl Anderson, as guarantor of the debts of Jemdec, in United States District Court for the Western District of Pennsylvania. Removal and consolidation of the state suit was attempted by Western, but that suit was remanded to state court. Numerous extensions of time

were granted to defendant Anderson, who has thus far failed to file an answer to Western's complaint. On January 11, 1979, a status conference was held to discuss various motions by the parties for discovery and for dismissal. After considerable discussion at the conference, counsel for Western and for Anderson agreed to discuss with their respective clients the possibility of dismissing the federal suit so that all related issues could be tried in a single state court proceeding. Counsel for Western subsequently notified the court that his client desired to maintain his federal court action and would not consent to consolidation of the suits in state court. Following this notification, however, the trial judge dismissed the district court suit *sua sponte*. It is from this order of dismissal that Western now appeals.

▮ Involuntary dismissal is governed by Rule 41(b), which limits the grounds for such dismissal to "failure of the plaintiff to prosecute or to comply with these rules or any order of court." Fed.R.Civ.P. 41(b). There is no serious allegation in the instant case that plaintiff failed to comply either with the Federal Rules or with any order of the district court. The consolidation of federal and state proceedings as discussed at the status conference was not ordered by the judge but rather was conditioned upon consent of both parties. The involuntary dismissal thus exceeded the scope of the trial judge's authority under Rule 41(b).

Defendant Anderson would have us read the Supreme Court decisions in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and *Will v. Calvert Fire Insurance Company*, 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978), as expanding the trial judge's discretion to enter an involuntary dismissal. This we decline to do.

In *Colorado River* the Supreme Court affirmed the dismissal of a district court suit because of pending state court litigation. 424 U.S. at 820, 96 S.Ct. 1236. That holding, however, was based on five factors: the policy underlying the McCarran Amendment, 43 U.S.C. § 666 (1976) favoring resolution of water claims in state courts; the absence of any proceedings in federal court beyond the mere filing of a complaint; the extensive involvement of state water rights and state parties; the significant geographical distance between the interested federal and state courts; and the active participation of the Government in the pending state proceedings. 424 U.S. at 820, 96 S.Ct. 1236. None of these factors weighs in favor of dismissal in the instant case, especially in light of the Supreme Court's reiteration in *Colorado River* of the "unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.* at 817, 96 S.Ct. at 1246. Moreover, the Supreme Court's more recent decision in *Will v. Calvert Fire Insurance Company* does not lead to an opposite conclusion. In *Will* the Court noted that " 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.' " *Will v. Calvert Fire Ins. Co.*, 437 U.S. at 662, 98 S.Ct. at 2557, *quoting McClellan v. Carland*, 217 U.S. 268, 282, 30 S.Ct. 501, 54 L.Ed. 762 (1910). Reemphasizing the federal court's "unflagging obligation" to exercise jurisdiction, *see Colorado River Water Conserv. Dist. v. United States*, 424 U.S. at 817, 96 S.Ct. 1236, the Court held only that the district court's decision to defer consideration of the federal suit pending resolution of the state court issues was not a proper occasion for the issuance of a writ of mandamus ordering the district court judge to proceed. 437 U.S. at 664–65, 98 S.Ct. 2552.

▮ The instant case involves none of the exceptional circumstances relied on in *Colorado River*. Moreover, the recognition in *Will* that dismissal is committed to the discretion of the district court does not require affirmance. That discretion must be exercised within the limits of Rule 41.

The order dismissing the complaint will be reversed and the case remanded for further proceedings.