In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 12-3588 & 12-3906

JACQUELINE JOHNSON,

*Plaintiff-Appellant*,

*v.*

CHICAGO BOARD OF EDUCATION,

*Defendant-Appellee*.

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 12 C 3670—**Matthew F. Kennelly**, *Judge*.

SUBMITTED MAY 30, 2013—DECIDED JUNE 10, 2013

Before EASTERBROOK, *Chief Judge*, and FLAUM and
SYKES, *Circuit Judges*.

PER CURIAM. Jacqueline Johnson filed this employment-discrimination suit against her former employer, Chicago's school system. The district court granted her motion to appear *in forma pauperis* and set a status hearing for October 18, 2012. The order setting the date warned Johnson that failure to appear could result in the suit's immediate dismissal. Johnson did not appear,

and the district judge dismissed the suit forthwith for lack of prosecution. Johnson immediately filed a motion to reinstate, contending that she had not been notified of the October 18 hearing. The judge denied this motion, observing that Johnson had agreed to receive electronic notice of orders and decisions, and that the court had provided the same kind of notice about the order dismissing the suit, an order Johnson admits receiving.

On appeal, Johnson renews her contention that she did not receive notice. Yet the district court's contrary finding is not clearly erroneous.

An order dismissing a suit as a sanction for not cooperating in its prosecution is reviewed for abuse of discretion. See, e.g., *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976). But legal issues receive an independent appellate decision, and we think that the district judge erred by dismissing the suit for a litigant's single misstep, without considering the possibility of alternative sanctions. (The order entered in this case reads, in full: "Status hearing held. Plaintiff fails to appear. Case is dismissed for want of prosecution.") We have held repeatedly that sanctions should fit the misconduct, and in particular that dismissal is not the appropriate response to a litigant's errors (or even misconduct) that do not appear to be serious or repeated. See, e.g., *Ball v. Chicago*, 2 F.3d 752 (7th Cir. 1993); *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000); *Bolt v. Loy*, 227 F.3d 854, 856–57 (7th Cir. 2000); *FM Industries, Inc. v. Citicorp Credit Services, Inc.*, 614 F.3d 335

(7th Cir. 2010); *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011). The district judge did not explain why a single missed conference produced an immediate dismissal.

The judge may have understood *Ball* and its successors as holding no more than that a warning must precede a dismissal for want of prosecution. The judge gave such a warning. But *Ball* and our later decisions hold more than that. They stand for the proposition that the punishment must fit the crime. See, e.g., *FM Industries*, 614 F.3d at 338–39. A conclusion that dismissal is necessary because other remedies have failed (or are bound to fail) receives deferential appellate review. But a district court that dismisses a suit immediately after the first problem, without exploring other options or saying why they would not be fruitful, commits a legal error. This suit must be reinstated.

REVERSED AND REMANDED