In the

# United States Court of Appeals

### For the Seventh Circuit

No. 12-1525

KEVIN R. SROGA,

*Plaintiff-Appellant*,

*v.*

RONALD HUBERMAN, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 11 C 2124—**Matthew F. Kennelly**, *Judge.*

SUBMITTED FEBRUARY 14, 2013*—DECIDED JULY 10, 2013

Before POSNER, WOOD, and TINDER, *Circuit Judges.*

PER CURIAM. Kevin Sroga, a former teacher for
Chicago Public Schools, appeals the dismissal of his

---

* The appellees were not served with process in the district
court and are not participating in this appeal. After examining
the appellant's brief and the record, we have concluded that
the case is appropriate for summary disposition. Thus the
appeal is submitted on the appellant's brief and the record.
*See* FED. R. APP. P. 34(a)(2)(C).

retaliation suit for want of prosecution. *See* FED. R. CIV. P. 41(b). Sroga brought a sprawling, 54-page complaint under 42 U.S.C. § 1983 against employees of Chicago Public Schools and the Chicago Board of Education (including its then-Chief Executive Officer Ronald Huberman), alleging loosely that they all played a part in getting him fired from his job as an "automotive education" instructor at Farragut Career Academy. The district court dismissed the complaint for violating Federal Rule of Civil Procedure 8(a)(2); the court explained that "the morass of irrelevant and tangential allegations" made it "impossible" to evaluate the complaint, but the order allowed a reasonable period for the submission of a Rule-8-compliant amended complaint.

Sroga responded by timely filing an amended complaint asserting various constitutional and tort-law claims against certain officials and investigators at the school. For instance, he alleged that school officials wrongly reassigned him from his classroom to an administrative role after being internally investigated for an encounter he had with a female student. He says he was then suspended and later fired for this. He also asserts, with regard to his role in a hit-and-run incident involving a police vehicle, that a school investigator lied to him about the possible inculpatory consequences of answers he gave in an internal investigation.

After a five month lag with no indication of whether Sroga would be permitted to proceed on his amended complaint, the district court dismissed most of Sroga's claims as legally deficient, but it did allow two to

continue: one for retaliatory discharge against Huberman, and the other for indemnification against the Chicago Board of Education. In the docket entry for that order, the court scheduled a status hearing two months later and warned Sroga that if he failed to appear, "the Court may dismiss the case for want of prosecution." That same day, the U.S. Marshal's Office mailed Sroga a letter requesting information about how to serve the summonses. Sroga did not respond, and thirty days later the Marshal's Office returned the summonses to the court unexecuted.

When Sroga did not appear for his status hearing either, the court summarily dismissed his suit. Sroga moved to vacate the judgment under Federal Rule of Civil Procedure 60(b), asserting that he "was unaware that the District Court had made any rulings into this cause or had set any status dates" because he was working out of town on a short-term assignment and did not receive any mailing or notification about the scheduled status hearing. At a hearing on his motion, Sroga told the court that his mailing address was his parents' address, and that he told them to notify him when he received any mail related to his case. When the district court informed Sroga that he had failed to respond to *two* mailings—its dismissal order setting a status hearing date, and then the letter from the Marshal's Office—Sroga conjectured that his mother might have deliberately kept his mail from him because she was "tired" of his frequent litigation in other matters. The court was "not persuaded" by Sroga's assertions

and denied the motion to vacate, as well as Sroga's later motion to reconsider.

On appeal Sroga argues that the district court abused its discretion by dismissing his suit because he never received notice of the scheduled status hearing. He also contends that he did not demonstrate a record of delay or contumacious conduct, and he asserts that the district court should have considered lesser sanctions before dismissing the suit, especially in light of his pro se status.

The dismissal of a suit for want of prosecution is over-turned only when there is an abuse of discretion, but as we recently explained, a district court commits a legal error when it dismisses a suit "immediately after the first problem, without exploring other options or saying why they would not be fruitful." *See Johnson v. Chi. Bd. of Educ.*, Nos. 12-3588, 12-3906, 2013 WL 2475761 at *1 (7th Cir. June 10, 2013). The facts of *Johnson* are remarkably similar to those here; in both cases the district court warned that failure to appear at an initial status hearing could warrant dismissal, and in both, the court explained its dismissal tersely: "Status hearing held on 12/5/11. No one appears. This Court's order of 10/4/11 . . . indicated that if the plaintiff fails to appear for the 12/5/11 status hearing, the Court may dismiss the case for want of prosecution. The plaintiff failed to appear for the 12/5/11 status hearing. Therefore, this case is dismissed for want of prosecution."

The district court dismissed Sroga's case too abruptly and without consideration of "essential factor[s]," such

as the frequency and egregiousness of the plaintiff's failure to comply with deadlines, the effect of delay on the court's calendar, and the prejudice resulting to the defendants. *Kruger v. Apfel*, 214 F.3d 784, 786-87 (2000); *see Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011). The warning given by the district court was an important (though not always necessary) factor that we consider when reviewing its decision, *see Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665–66 (7th Cir. 2006), but we require more than just a standalone warning to ensure that the punishment "fit[s] the crime," *Johnson*, 2013 WL 2475761 at *1. In his postjudgment motion Sroga offered a plausible reason why he did not receive the court's warning. He indicated that his indigent status limited his ability to gain access to the internet to follow the court's electronic docket. He claimed that he had been diligently following his case through the use of a court-supplied computer station in the Chicago federal courthouse because he had no other means of accessing the court's docket. But that method of keeping track of his case ended with his absence from the Chicago area on an out-of-town work assignment. He also noted that his mother, whose residence he used for his mailing address, is not fond of his involvement in litigation, and that she may have prevented him from receiving mailings from the court during the period he was away from Chicago. If true, these reasons suggest that Sroga was not intentionally delaying proceedings or disobeying court orders. The district judge was not persuaded by Sroga's excuses, saying "we're not talking about you missing one thing;

we're talking about you missing like three or four things," without explaining why he doubted Sroga's explanation. But Sroga's absence (and possible meddling from his mother) accounted for both instances of unreceived mail, which in turn led to what was actually just one missed deadline. Furthermore, Sroga did have a history of compliance with other deadlines in this and prior litigation. Generally a single missed deadline or status hearing does not support dismissal for want of prosecution. *See, e.g., Johnson*, 2013 WL 2475761 at *1; *McInnis v. Duncan*, 697 F.3d 661, 664 (7th Cir. 2012); *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000). Additionally, the defendants had not been served before the case was dismissed, so they suffered no apparent prejudice from the delay. We conclude that further proceedings are necessary to ensure that Sroga's claims are resolved properly.

REVERSED and REMANDED.