NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 30, 2015*
Decided April 1, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 14-3253

| | |
|---|---|
| RODNEY ROLLINS,<br>    *Plaintiff-Appellant,*<br><br>*v.*<br><br>ALLEN MURPHY, et al.,<br>    *Defendants-Appellees.* | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division.<br><br>No. 14 C 6153<br><br>Sharon Johnson Coleman,<br>*Judge.* |

**O R D E R**

Two weeks after Rodney Rollins filed this suit under 42 U.S.C. § 1983 for unlawful arrest, the district court dismissed it for want of prosecution and denied his request for leave to appear in forma pauperis. We conclude that the district court abused its discretion in ending the suit so soon, but because part of the suit is frivolous, we affirm in part, vacate in part, and remand.

---

* The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2)(C).

According to Rollins, while he was in municipal court defending against a traffic charge, he was arrested for raising a sovereign-citizen defense. The judge angrily rejected the defense and told Rollins not to leave the courtroom until the judge arranged for the next court date on the charge. As Rollins waited, several police officers seized him and placed him in Cook County Jail. He remained there for six days, during which time jail officers strip-searched him in a group setting and confiscated his belongings. After Rollins pleaded guilty to driving on a revoked license, he was released from jail.

Rollins later sued in federal court to challenge the arrest and detention for lacking probable cause, but he did not get very far. Along with his complaint, he asked for leave to proceed in forma pauperis. Before any defendants had appeared, the district judge set a status hearing for two weeks later at 9:30 a.m. "on plaintiff's application for leave to appear in forma pauperis." Rollins did not appear on the scheduled date at 9:30 a.m., nor again when the case was recalled 15 minutes later. The judge denied the application and dismissed the action, citing "want of prosecution." Rollins timely moved to reopen the case. He explained that, although he had received notice of the status hearing, he believed that he did not need to appear because, in previous litigation, a different judge granted his application without the need to appear at a status hearing. He added that the notice he received from the court did not include a courtroom number. The judge denied the motion without explanation but granted him leave to appeal in forma pauperis.

On appeal Rollins contests the dismissal of his case and the denial of his request to proceed in the district court in forma pauperis. He repeats that his failure to appear should be excused as a misunderstanding stemming from his previous experience before another judge.

We review a district court's denial of leave to proceed in forma pauperis and its dismissal of a case for failure to prosecute for abuse of discretion. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (in forma pauperis); *Johnson v. Chi. Bd. of Educ.*, 718 F.3d 731, 732 (7th Cir. 2013) (failure to prosecute). When a suit is dismissed for want of prosecution without specifying the terms of dismissal, as happened here, the dismissal is with prejudice. *See Hill v. United States*, 762 F.3d 589, 591 (7th Cir. 2014); *Arnett v. Webster*, 658 F.3d 742, 756 (7th Cir. 2011). Because dismissal with prejudice for want of prosecution is a harsh sanction, we typically ask that before district courts end a case for that reason, they weigh several factors. These include whether the litigant has ignored previous court orders, the extent of delays, prejudice to other parties, and the availability of other sanctions. *See Johnson*, 718 F.3d at 732–33; *Kasalo v. Harris & Harris*,

*Ltd.*, 656 F.3d 557, 561–62 (7th Cir. 2011); *Gabriel v. Hamlin*, 514 F.3d 734, 737 (7th Cir. 2008). It was an abuse of discretion for the district court to dismiss Rollins's two-week old case for failing to appear at a single status hearing when the record does not suggest that any other factor favoring dismissal with prejudice was present.

We have also considered whether we can affirm on any other ground in the record. *See Talley v. Lane*, 13 F.3d 1031, 1033 (7th Cir. 1994); *Barnhill v. Doiron*, 958 F.2d 200, 202 (7th Cir. 1992). Rollins has sued three defendants: the municipal court judge, the Cook County Department of Corrections, and one arresting officer. We can affirm the dismissal of the claims against the judge because they are necessarily blocked by judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001). The Department of Corrections was also properly dismissed because, as a division of Cook County, it is not a suable entity. *See Castillo v. Cook Cnty. Mail Room Dep't*, 990 F.2d 304, 307 (7th Cir. 1993).

The false-arrest claim against the police officer, however, is not hopeless. Rollins alleges that he was arrested because, in responding in court to a traffic charge, he raised an unwelcome, sovereign-citizen defense; he describes no illegal behavior or violation of a judicial order. His complaint therefore suggests that he was arrested without probable cause to believe he had committed an offense. *See Thayer v. Chiczewski*, 705 F.3d 237, 246 (7th Cir. 2012) (a false-arrest claim requires an arrest made without probable cause). Furthermore his allegations—which we must construe at this preliminary stage in his favor—do not assert that the officer arrested him at the instruction of the judge; therefore, he has not alleged the impenetrable defense of quasi-judicial immunity. *See Richman*, 270 F.3d at 437–38 (quasi-judicial immunity not extended to courtroom deputies without indication that they were acting at judge's direction). We recognize that the facts may not be as Rollins has alleged them. Further proceedings are needed to sort out what happened.

The judgment dismissing Rollins's lawsuit is AFFIRMED in part, VACATED in part, and REMANDED for the district court to evaluate the merits of his petition to proceed in forma pauperis and for further proceedings consistent with this order.