NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 2, 2015[*]
Decided September 3, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 14-3441

| | |
|---|---|
| MARIO REYES, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 13 C 5009 |
| THOMAS J. DART, et al., | |
|     *Defendants-Appellees*. | James B. Zagel, *Judge*. |

**O R D E R**

Mario Reyes was a pretrial detainee when he filed this suit under 42 U.S.C. § 1983 alleging that the defendants failed to protect him from an attack by another prisoner at the Cook County Department of Corrections in Chicago. After Reyes balked at executing a broad release for access to his medical records as demanded by the defendants, the

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

district court dismissed the action on the defendants' motion for failure to prosecute. We conclude that the district court abused its discretion.

For purposes of this appeal, we accept as true the facts alleged in Reyes's complaint. *See Thulin v. Shopko Stores Operating Co., LLC*, 771 F.3d 994, 997 (7th Cir. 2014). In September 2011, Reyes was attacked by several prisoners and stabbed when a fight broke out in the jail common area. Just before losing consciousness, he called out for help, but was ignored by an unnamed guard standing ten to fifteen feet away. Reyes awoke three days later in the hospital. He had suffered stab wounds, nerve damage, and a fractured eye socket. The eye injury eventually will cause blindness in that eye. Reyes sued the Cook County sheriff and two jail administrators alleging that they had failed to establish or maintain policies to protect prisoners.

The defendants answered the complaint and then sent Reyes five letters between February and July 2014 demanding that he sign a broad release giving their counsel access to "protected health information" maintained by "Cermak Health Services/ Cermak Hospital/ John H. Stroger Jr. Hospital." The proposed release does not restrict the defendants' access to records relating to treatment for Reyes's injuries or even to a period near in time to the September 2011 assault. Nor does the proposed release safeguard Reyes's medical records against further unnecessary disclosure by the defendants. The letters contained similar warnings:

> Please be advised that it is entirely your decision to sign the release or not. However, I must advise you that failure to sign the release may be grounds for dismissal of your action in light of the fact that you are bringing claims for physical injuries.

> In short, should you fail to sign and return the release, I will advise the Court of this failure to do so and request that the matter be dismissed for want of prosecution. The likelihood of dismissal for that reason would be significant.

Reyes, who by then was an inmate of the Illinois Department of Corrections, responded to the third letter. He explained that the release misidentifies the hospital where he was treated for his injuries after the attack. He also noted that the assault had occurred in September 2011. Reyes did not object to signing a release, but instead he asked defense counsel to revise the name of the hospital and also "fix dates correctly." The defendants responded in the fourth letter by adding the name of the hospital that Reyes had specified, but defense counsel refused to remove Stroger Hospital from the

release "because it is a county hospital that often treats Cook County Jail inmates." Counsel also refused to alter the demand for medical records dating to Reyes's birth (in 1977).

On August 1, 2014, the defendants moved to dismiss Reyes's complaint. They argued that dismissal under Federal Rule of Civil Procedure 41(b) was appropriate because Reyes still had not returned a signed release. Reyes promptly responded with a letter to the district court noting that defense counsel had named the incorrect hospital in the proposed release and that he was relying on other prisoners for litigation assistance. Reyes informed the court that he is under the care of a psychiatrist for mental illness, that he is unfamiliar with legal matters, and that he had been "patiently waiting" for the court to rule on his motion for recruitment of counsel (which had been pending for two months). Reyes also said that he had "signed" the release but did not elaborate.

Reyes's letter was received by the district court on August 13, but by then it was too late: The day before, in a minute entry and without any explanation, the court had granted the defendants' motion to dismiss and then denied Reyes's motion for recruitment of counsel as "moot." Reyes moved for reconsideration, asserting that the defendants' five letters had not been marked as legal mail and thus were delayed in reaching him. The court denied reconsideration, reasoning that the defendants had warned Reyes that they would seek dismissal unless he signed a release, and that the need for medical records was obvious even to Reyes because he was alleging significant injuries. The court said nothing about Reyes's objection to the breadth of the release drafted by defense counsel.

On appeal Reyes says that the district court should have considered his objections to the release—that as drafted it is not limited to the date of the assault or the medical facilities where he was treated—rather than dismissing his lawsuit without giving him a chance to respond. We review a dismissal for failure to prosecute under Rule 41(b) for abuse of discretion, but "legal issues receive an independent appellate decision." *Johnson v. Chi. Bd. of Educ.*, 718 F.3d 731, 732 (7th Cir. 2013); *see Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013).

Rule 41(b) allows for involuntary dismissal if the "plaintiff fails to prosecute or to comply with these rules or a court order." The defendants did not cite in the district court, and do not cite here, any authority for the proposition that a lawsuit can be dismissed under Rule 41 whenever a plaintiff opposes a defendant's demand for discovery. To the contrary, the rule requires that the plaintiff comply with a court's directives. *See Nasious v. Two Unknown Agents at Arapahoe County Justice Ctr.*, 492 F.3d

1158, 1161 (10th Cir. 2007); *Wynder v. McMahon*, 360 F.3d 73, 77–78 (2d 2004); *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999); *Western Auto Supply Co. v. Anderson*, 610 F.2d 1126, 1127 (3d 1979).

We see nothing in the record showing that a court order or the Federal Rules of Civil Procedure were violated. The demand for a release—in the form drafted by defense counsel—came from the defendants, not the district court. There had been no order from the district court governing discovery or even setting deadlines. Rather, the defendants simply demanded a broad release while brushing off Reyes's concerns. The defendants do not point to any rule violation, nor can we find one. As a prisoner proceeding pro se, Reyes was exempt from initial disclosures. *See* FED. R. CIV. P. 26(a)(1)(B)(iv); *In re Arizona*, 528 F.3d 652, 657 (9th Cir. 2008); *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 823–24 (11th Cir. 2009); *Lane v. Corizon Healthcare*, No. 3:13-CV-519 JD, 2013 WL 2566256, at *5 (N.D. Ind. June 11, 2013); *Boyd v. Alcoke*, No. 09 C 6856, 2010 WL 3420124, at *2 (N.D. Ill. Aug 27, 2010). And although a release covering at least some of his medical records would have been routine—and apparently unopposed by Reyes—the defendants could not reasonably contend that Reyes was refusing to prosecute his lawsuit simply because he questioned their demand for the entirety of his medical records from the date of his birth. If the defendants thought that request reasonable, their recourse was to file a motion to compel under Federal Rule of Civil Procedure 37. Had they done so and succeeded in getting the district court's approval for their broad release, Reyes would have faced some sanction if he then disregarded the court's order. The dismissal in this case, though, was far too hasty.

The judgment is VACATED, and the case is REMANDED for further proceedings consistent with this order. On remand the district court should first take up Reyes's motion for recruitment of counsel.