NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 29, 2018[*]
Decided August 17, 2018

*Before*

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 17-3138

| | |
|---|---|
| LEIGH GLASS, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
|   *v.* | |
| | No. 1:17-cv-02239 |
| NANCY A. BERRYHILL, | |
| Acting Commissioner of Social Security, | Sharon Johnson Coleman, |
|     *Defendant-Appellee*. | *Judge*. |

**O R D E R**

On judicial review of a decision to discontinue her Supplemental Security
Income payments, Leigh Glass alleged that Social Security employees conspired to end
her benefits as retaliation for an alleged personal dispute with one of them. Litigation of
her claim was short-lived and beset by communication problems. The district court

---

[*] We have agreed to decide this case without oral argument because the briefs
and record adequately present the facts and legal arguments, and oral argument would
not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

dismissed Glass's suit for failure to prosecute, but because the district judge did not consider essential factors before imposing that sanction, we vacate the judgment.

From the beginning, Glass, representing herself, attempted to convey to the court that she was facing health problems and was confused about court proceedings. Shortly before the first status hearing, Glass filed what she labeled "*ex parte* applications" that were effectively status reports in which she reported that she was "too disabled and distraught to be active on this case" or to attend any court hearing. She also stated that she had not been timely receiving court filings. Glass asked for a continuance of an already-canceled motion hearing date but did not specifically request a continuance of the upcoming status hearing date.

Glass did not appear at that hearing. The district judge *sua sponte* struck the *ex parte* filings and—for unknown reasons—the application to proceed *in forma pauperis* that Glass had filed with her complaint. The judge reset the hearing date and warned Glass that if she did not appear again, the case could be dismissed for lack of prosecution. Glass did appear at the next status hearing, after which the district judge set another status hearing and ordered Glass to "update" her IFP petition. The judge told Glass that she was required either to appear in person or to be prepared to explain her absence.

Two days before the next status hearing, Glass petitioned this court for a writ of mandamus, alleging that the district court refused to rule on her motion to proceed *in forma pauperis* and struck or "disappeared" all her filings. Glass also argued that the district court was obliged to allow her to appear telephonically because of her health and said that her doctor had ordered her not to appear in court. We denied her petition.

Glass then failed to appear in the district court for the second time. The district judge noted that staff made several attempts to call Glass but received no answer. The judge granted the government's oral motion to dismiss the case for lack of prosecution.

Three days later, apparently unaware of the dismissal, Glass moved for default judgment, arguing that the time for the government's answer had passed (it had, according to the judge's scheduling order). The district judge then entered an order explaining that the case had been dismissed because of Glass's repeated failure to appear and failure to comply with the court's order to update her IFP petition. The judge also noted that chambers had received an email from the plaintiff but emphasized that the court's standing order provides a process for requesting to appear

telephonically—an email to the courtroom deputy—and Glass had "made no []
attempt" to follow it. Glass appealed.

On appeal Glass argues that the district judge abused her discretion in
dismissing the case. First, Glass contends, she was not warned sufficiently about the
possibility of dismissal because the district court's most recent order stated only that
she must be prepared to advise the court why she did not appear. Moreover, Glass
maintains, she did advise the court in her struck filings, and in other communications
that she says never appeared on the docket, that she could not appear for health
reasons. (It seems that some, perhaps all, of these communications were docketed, but
that information is restricted to the court.) And, Glass explains, she did not mean to
disobey any court orders. Rather, she says that she misunderstood the meaning of the
court's order to "update" her IFP petition. She did not know she was expected to file it
again; she thought it meant that if something changed, then she should update the
court. Finally, Glass contends that dismissal is an unduly harsh sanction because, she
argues, her case had merit and she now faces a statute-of-limitations bar.

We conclude that the district judge dismissed the case too hastily. Before
imposing the "extraordinarily harsh" sanction of dismissal, district judges should
consider the frequency and magnitude of the plaintiff's noncompliance with deadlines,
the effect of noncompliance on the court's calendar, the prejudice to defendants, the
merits of the suit, the efficacy of other sanctions, and "the consequences of dismissal for
the social objectives that the litigation represents." *Kasalo v. Harris & Harris, Ltd.*,
656 F.3d 557, 561 (7th Cir. 2011); see also *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir.
2013); *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000). Neither the transcript of the
hearing at which the judge dismissed the case nor the judge's later orders show any
consideration of these factors, and a failure to consider "essential factor[s]" can
constitute an abuse of discretion. *Sroga*, 722 F.3d at 982; see also *Kruger*, 214 F.3d at 786.

The district judge offered no reason why the factors that appear to weigh against
dismissal did not persuade her. Glass's behavior does not suggest willful delay or
noncompliance. Rather, it seems that Glass, when she was aware of a hearing, did
attempt to request telephonic appearance and to communicate that she could not
appear. The district judge's final order hints that chambers had received an email to this
effect from Glass, and Glass's mandamus petition, of which the district judge had
notice, also makes clear her alleged illness and hospitalization and her wish to appear
telephonically. True, even *pro se* litigants must follow court rules, see *McInnis v. Duncan*,
697 F.3d 661, 665 (7th Cir. 2012). And the district judge found that Glass did not follow

proper procedure for requesting telephonic appearance. We note, however, that the judge's standing order requires litigants to request telephonic hearings by email and so Glass's misdirected email does not necessarily demonstrate "no attempt" to comply. This kind of confusion does not suggest "a clear record of delay or contumacious conduct." *Kasalo,* 656 F.3d at 561 (quoting *Gabriel v. Hamlin,* 514 F.3d 734, 736 (7th Cir. 2008)). And the district judge did not address Glass's stated reason for failing to appear—her health—which, if true, suggests that Glass did not intentionally delay or disobey orders.

Given that Glass's behavior seems to stem from confusion, health problems, or both, and not willfulness, the judge also should have considered whether lesser sanctions would be effective. See *Bell v. Kay*, 847 F.3d 866, 868 (7th Cir. 2017) (dismissal was abuse of discretion when, among other factors, judge did not address plaintiff's explanation for failure to comply with court order and did not consider whether other options would suffice); *Sroga*, 722 F.3d at 983 (vacating dismissal when judge did not consider "essential factors" and did not offer any reason to disbelieve plaintiff's explanation which, if true, did not imply willful delay). Moreover, Glass is not wrong to note that the judge's second "warning" did not threaten or mention dismissal; rather, it demanded that Glass explain her absence if she did not appear. (The previous warning stated only that Glass had to appear for the next hearing, which she did.) The ambiguity of the order further detracts from the likelihood of insubordination.

It is also not clear that the two missed hearings greatly prejudiced the defendants or disrupted the district court's calendar. Nothing could move forward until Glass resolved her IFP status, see *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (complaint is not considered filed, and thus answer not due, until fee status resolved), but as her motion for default judgment demonstrates, she believed, incorrectly, that the appeal was proceeding normally. We respect the judge's authority to manage her own docket, and we recognize the crowded caseloads of the agency's attorneys, but neither the judge nor the lawyers explained any specific prejudice. If we knew the purpose of the status hearings in an appeal decided on a closed administrative record and the briefs, see N.D. Ill. Local Rule 16.4, we might have more insight into the district judge's thinking. But inconvenience alone is not enough to show the kind of prejudice that warrants the ultimate sanction. See *Kasalo,* 656 F.3d at 561.

Finally, it is difficult to say at such an early stage whether Glass's suit had merit. But dismissing it as a sanction frustrates Congress's intent to provide judicial review of the denial of Social Security benefits.

Had the district judge weighed these factors and explained her reasoning, we might well have found that she appropriately exercised her discretion. But as it is, we must VACATE the judgment and REMAND for further proceedings. On remand, Glass's fee status should be resolved swiftly.