In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-1372

AISHEF SHAFFER,

*Plaintiff-Appellant,*

*v.*

JACQUELINE LASHBROOK, *et al.,*

*Defendants-Appellees.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 16-cv-0784 — **Michael J. Reagan**, *Judge.*

ARGUED JUNE 9, 2020 — DECIDED JUNE 15, 2020

Before KANNE, SYKES, and BRENNAN, *Circuit Judges.*

KANNE, *Circuit Judge.* Aishef Shaffer, while an Illinois state
inmate, sued prison officials for alleged violations of his con-
stitutional rights. But when he was released on parole, he did
not notify the court of his new address or respond to the de-
fendants' motions or discovery requests. And after more than
seven months of silence from Shaffer, the district court dis-
missed his case for failure to prosecute.

When Shaffer returned to prison a month later, he renewed his interest in his lawsuit and moved unsuccessfully to reopen the case. He now appeals the district court's denial of his postjudgment motion. Because the court acted within its discretion in denying the motion, we affirm.

## I. BACKGROUND

Shaffer sued various officials at Pinckneyville Correctional Center, alleging that a correctional officer attacked him and that other officials refused to treat his injuries. The district court screened Shaffer's complaint under 28 U.S.C. § 1915A and allowed Shaffer to proceed on claims that the defendants violated his rights under the Eighth Amendment and committed battery under Illinois law. In its screening order, the court directed Shaffer to notify the court, as well as the defendants, if he were released from prison. The court warned Shaffer that it would not independently investigate his whereabouts, and that failure to notify the court of any address changes could result in a dismissal of his case for failure to prosecute.

During the next year, Shaffer diligently conducted discovery, moved for injunctive relief, and flooded the court's docket with numerous other filings, including 21 separate motions. But 13 months into his suit, Shaffer was released on parole and abruptly stopped litigating his case. A month later, the defendants—after having their mail to Shaffer returned as undeliverable—moved for an order to show cause why the case should not be dismissed for failure to prosecute. Defense counsel explained that since Shaffer's release, they had not received notice of Shaffer's current address, nor had they been able to contact him.

The case then languished for five more months. On the deadline for the close of discovery, one of the defendants filed a second motion asking the court to dismiss the case or, alternatively, amend the scheduling order to allow more time for discovery. He explained that the defendants had not heard anything from Shaffer since their previous motion, and that more discovery would be required if the case were to continue.

Another month passed without any response from Shaffer, so the court dismissed his case under Federal Rule of Civil Procedure 41(b) for failure to prosecute. The court explained that Shaffer had been warned of his obligation to inform the court of his current whereabouts, yet he failed to notify the court or the defendants of his release from prison. Further, Shaffer did not respond to the defendants' motions and "fail[ed] to participate in any way in this case since his release from prison."

The following month, Shaffer's parole was revoked, and he was sent to a different prison. He then filed a notice of his new address, along with requests for appointment of counsel and a hearing on the status of his case. Because Shaffer filed these motions 47 days after the entry of judgment, the court denied them as moot.

Shaffer then moved for reconsideration of the dismissal order under Rule 60(b), contending that his failure to update his address or respond to the defendants' motions resulted from a "clerical error." In attached affidavits, Shaffer asserted that he had written to opposing counsel and the court about his release. And he argued that these notices must have gotten lost in the mail. He further asserted that prison officials had not forwarded his mail as they told him they would, and thus

he did not receive notice of the defendants' motions or the dismissal order until he was reincarcerated.

The court denied Shaffer's motion. It found Shaffer's allegation that he tried to notify the court of his release not credible because (1) his affidavits were "self-serving"; (2) he had successfully updated his address multiple times since being reincarcerated; and (3) it was not plausible that the postal service lost multiple, separate mailings. And because Shaffer had not established that his failure to update the parties stemmed from mistake, excusable neglect, or other grounds for relief under Rule 60(b), the court concluded that he was not entitled to reconsideration.

Shaffer appealed, and we granted his request to recruit counsel.

## II. ANALYSIS

As the parties acknowledge, we may review only the denial of Shaffer's Rule 60(b) motion because Shaffer did not timely appeal the underlying judgment. Nonetheless, Shaffer argues that a limited review of the dismissal order is relevant to whether dismissal under Rule 41(b) was "fundamentally unjust." *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1117 (7th Cir. 1994). And he points out that, in a number of cases, we have considered the merits of the underlying judgment when reviewing whether a district erred by refusing to reinstate a case dismissed for want of prosecution. *See e.g.*, *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 698–99 (7th Cir. 2014); *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013); *Dickerson*, 32 F.3d at 1117.

Shaffer highlights the similarities of his case to *Sroga*, in which we reversed the denial of a Rule 60(b) motion after

concluding that the district court had improperly dismissed a suit for failure to prosecute. In *Sroga*, the district court based its dismissal on the plaintiff's failure to appear at a single hearing, and it refused to reconsider its order even though the plaintiff explained in a postjudgment motion that he received neither notice of the hearing nor the court's warning that it would dismiss the case if he failed to appear. 722 F.3d at 982–83. Scrutinizing both the underlying dismissal order and the denial of the postjudgment motion, the *Sroga* panel reversed because of several errors that Shaffer contends also apply in his case.[1]

Shaffer first argues that, as in *Sroga*, the district court here failed to weigh three "essential" factors before dismissing the case: (1) the frequency and egregiousness of the plaintiff's failure to comply with deadlines, (2) the prejudice resulting to the defendants, and (3) the effect of delay on the court's calendar. *Id.* at 982. Regarding the first factor (egregiousness of behavior), Shaffer argues that the court wrongly dismissed his case for a single misstep—his failure to update his address. But this argument misconstrues the district court's order. The court also cited Shaffer's failure to respond to the defendants' motions or submit *any* filings over a seven-month

---

[1] *Sroga* did not specify any rationale for using the denial of a Rule 60(b) motion as a basis to review the merits of the underlying judgment. *Cf. Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 667 (7th Cir. 2014) (holding that district court may grant Rule 60(b) relief under only the six circumstances specified by the rule). But a close reading of *Sroga* suggests that its analysis could fall under either (1) Rule 60(b)(1)'s provision allowing relief for "excusable neglect" (because the plaintiff adequately explained why he missed the hearing); or (2) Rule 60(b)(6)'s catch-all provision for "any other reason that justifies relief" (because of egregious errors in the underlying order and the plaintiff's inability to timely appeal that order).

span. And taken altogether, this lengthy period of inaction demonstrated a pattern of neglect in Shaffer's duty to litigate his case. *See McMahan v. Deutsche Bank AG*, 892 F.3d 926, 932 (7th Cir. 2018) (affirming dismissal for plaintiff's extended period of inaction).

As for the second and third factors described in *Sroga* (prejudice to the defendants and effect on court's calendar), Shaffer argues only that the court failed to articulate its reasoning. He says that we recently reversed a court's dismissal for want of prosecution because the court failed to make explicit findings with regard to prejudice. *See Thomas v. Wardell*, 951 F.3d 854, 859 (7th Cir. 2020). But in that case, no factor weighed in favor of dismissal and no defendant was prejudiced because none was served. *Id.* at 862–63. In contrast, when the record contains support for dismissal, we have consistently held that district courts need not evaluate each factor expressly. *Nelson v. Schultz*, 878 F.3d 236, 239 (7th Cir. 2017) (collecting cases). And here, the record shows that both factors weigh against Shaffer. As the defendants point out, the discovery cutoff and dispositive-motions deadline passed while Shaffer ignored the case—prejudicing them in their ability to build a defense or submit a timely motion for summary judgment. Had the court allowed the case to continue, it would have needed to strike the trial calendar and set a new schedule for discovery.

Shaffer next relies upon *Sroga* (and cases that *Sroga* relies upon) to argue that the district court erred by dismissing his case without considering lesser sanctions or issuing an additional warning. In *Sroga*, we stated that district courts should not dismisses a suit "immediately after the first problem, without exploring other options or saying why they would

not be fruitful." 722 F.3d at 982 (quoting *Johnson v. Chicago Bd. of Educ.*, 718 F.3d 731, 733 (7th Cir. 2013))*.* But more recently, we have clarified that district courts are not required to enter lesser sanctions—or even consider them—when a litigant's conduct is egregious enough to warrant dismissal for failure to prosecute. *McMahan*, 892 F.3d at 932; *Nelson*, 878 F.3d at 239. And although district courts must warn litigants before dismissing a case *sua sponte*, they need not do so when, as here, the court is ruling on a motion filed by the opposing party. *See McMahan*, 892 F.3d at 932–33*.* The motion itself is a warning.

Shaffer lastly contends that, like in *Sroga*, he was entitled to relief under Rule 60(b) because he had a plausible postjudgment explanation for his failure to keep up with the case. In *Sroga*, we held that the court should have accepted the plaintiff's explanation that he missed a hearing because he was out of town and without internet access when the hearing was scheduled. 722 F.3d at 983. Shaffer maintains that his postjudgment explanation was similarly plausible: he asserted that he mailed change-of-address notices, which were presumably lost in the mail, and that prison officials failed to forward his mail from the defendants. The district court, Shaffer argues, impermissibly rejected his assertions without justification other than that they were "self-serving" and not "plausible."

These arguments are not persuasive. True, the court was wrong to discount his affidavits as "self-serving"; affidavits based on personal knowledge have evidentiary value. *See Durukan Am., LLC v. Rain Trading, Inc.*, 787 F.3d 1161, 1164 (7th Cir. 2015). But the court gave other, valid reasons for discrediting them. It appropriately questioned Shaffer's assertion

that the postal service lost multiple mailings. And it rightly pointed out that Shaffer updated his address multiple times after being reimprisoned. As the record shows, Shaffer filed a steady stream of documents both before his release and after his return to prison. Because his time on parole was the only period when he was *not* an avid filer, the court did not clearly err in finding that Shaffer had simply abandoned his case upon release.

Moreover, even if the district court had found Shaffer's affidavits credible, Shaffer still failed to explain his lack of participation in the case for seven months. Shaffer may not have received notice of the defendants' motions or the court's dismissal order; but, like all litigants, he was responsible for monitoring the status of his case by periodically checking the court's docket. *See Salata*, 757 F.3d at 700. This he failed to do, as the district court pointed out. That a litigant did not receive notice because he failed—for more than half a year—to track an active case is not "excusable neglect" under Rule 60(b)(1), nor does it warrant relief under any other provision of Rule 60(b). *Salata*, 757 F.3d at 700.

### III. CONCLUSION

The district court acted within its discretion when it denied Shaffer's postjudgment motion. Accordingly, we AFFIRM.