NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2020[*]
Decided October 26, 2020

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-2825

| | |
|---|---|
| DAVID M. JOHNSON,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | 14 C 2233 |
| STEVEN MNUCHIN, Secretary of the Treasury,<br>    *Defendant-Appellee*. | John Z. Lee<br>*Judge*. |

**O R D E R**

David Johnson, a former employee of the Internal Revenue Service, appeals the dismissal of his employment-discrimination suit as a sanction for abusing the judicial process. We affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. Fed. R. App. P. 34(a)(2)(C).

After being fired from his job, Johnson sued the Secretary of the Treasury, currently Steven Mnuchin, for a litany of claims, including race discrimination, hostile work environment, many state-law claims, and retaliation for filing a complaint with the Equal Employment Opportunity Commission. The district court later granted summary judgment against Johnson on several claims but allowed him to proceed to trial on Title VII claims of retaliation and disparate treatment. *See* 42 U.S.C. § 2000e–e17.

The proceedings in the district court were protracted. Over the course of five years, Johnson peppered the court with filings, often staking out frivolous positions in motions and pleadings. He also refused to cooperate in the discovery and pretrial processes. He repeatedly failed to make required court appearances and delayed the progress of the case through vexatious litigation tactics (e.g., filing motions to compel discovery even before effectuating proper service on the defendant; prematurely seeking judgment on the pleadings before the defendant had filed an answer; and filing baseless motions, often in disregard of the court's timeline for the case). He obstructed the pretrial process by seeking continuances, pursuing positions that the court characterized as unreasonable, issuing baseless subpoenas or ignoring the court's standing orders, and failing to participate in the court's efforts to craft an agenda for the final pretrial conference.

In September 2019, the district court ordered Johnson to show cause why the case should not be dismissed based on his intractable conduct. Two days later, Johnson filed "objections" that the court described as "barely responsive." (Johnson challenged the court's order, for example, as "void without jurisdiction.") Johnson blamed the defendant for his noncompliance with the court's standing orders.

After repeated warnings, the district court decided to dismiss Johnson's case as a sanction for his conduct. The court justified its decision based on its need to manage its docket, Johnson's willful and bad-faith conduct throughout the litigation, the likely ineffectiveness of lesser sanctions, the prejudice to the defendant as a result of Johnson's conduct, and the need for deterrence and punishment.

On appeal, Johnson does not engage with the district court's reasons for dismissing his case and instead argues the merits of his claims. We could affirm on that basis alone. *See* FED. R. APP. P. 28(a)(8); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). For completeness, however, we emphasize that this case's record demonstrates unmistakably Johnson's intransigence, vexatious conduct, and flouting of court orders, all of which amply justify dismissal as a sanction. *Brown v. Columbia Sussex Corp.*,

664 F.3d 182, 190–91 (7th Cir. 2011). Johnson regularly missed required court hearings, defied court orders, pressed frivolous arguments, and pursued this litigation in bad faith. This bad faith conduct continued during the time that Johnson was represented by counsel. Rather than complying with the district court's request that all filings go through his lawyer, Johnson continued to make his own filings, without consulting his attorney. The court warned Johnson of the consequences of his continued misconduct, and, after waiting patiently, issued a show-cause order directing him to explain why his case should not be dismissed for noncompliance with court orders, and his response did not address the court's concerns. Providing such notice and the opportunity to be heard was all that the court needed to give Johnson. *See Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 664–66 (7th Cir. 2006); *Shaffer v. Lashbrook*, 962 F.3d 313, 316 (7th Cir. 2020). Judge Lee demonstrated remarkable patience throughout the course of this litigation, and the district court acted well within its discretion to dismiss the case as a sanction.

The district court's judgment is AFFIRMED. Johnson's motion for a summary reversal is DENIED as irrelevant.