NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 2, 2021[*]
Decided April 13, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-2544

| | |
|---|---|
| BRANDI MCGHEE, <br>    *Debtor-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 19 C 8001 |
| MARILYN O. MARSHALL, <br>    *Trustee-Appellee*. | Robert W. Gettleman, <br> *Judge*. |

**O R D E R**

After the district court gave Brandi McGhee more than four extra months to file the brief in her bankruptcy appeal, it dismissed the appeal for failure to prosecute when McGhee missed that extended deadline with no explanation. McGhee unsuccessfully moved the court to reopen the case, asserting that she did not know the court was open during the COVID-19 pandemic. But because McGhee was responsible for monitoring

---

[*] The appellee was not served with process in the district court and is not participating in this appeal. We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

her case's docket, which stated that the court was open and her briefs were due, the district court did not abuse its discretion by dismissing the case or refusing to reopen it.

McGhee filed two Chapter 13 bankruptcy petitions in a year, and the bankruptcy court dismissed both cases for unreasonable delay in pursuing a bankruptcy plan. In the first case, the trustee moved for dismissal, arguing that McGhee unreasonably delayed seeking a timely confirmation of a bankruptcy plan. The bankruptcy court granted the motion and dismissed the case for unreasonable delay. McGhee did not appeal. Then four months later, she filed another Chapter 13 petition. The trustee eventually moved to dismiss this petition on the ground that McGhee had unreasonably delayed the case by failing to address objections to her plan for paying off her debts. Several months later, and after several continuances, McGhee's counsel informed the court that McGhee had not authorized the payments needed to resolve objections to the plan's confirmation. The court then granted the motion to dismiss for unreasonable delay.

McGhee appealed the second dismissal to the district court, which eventually dismissed the appeal for failure to prosecute. In February 2020, when McGhee's opening brief was two weeks overdue, she moved pro se for more time to file her brief and asked for a hearing on her motion in early March. McGhee did not appear at her motion hearing. The court granted the motion anyway, extending her briefing deadline over nine weeks, from early February to mid-April. As the new deadline approached, and the COVID-19 pandemic developed, the court issued a series of general orders. These orders—visible on McGhee's docket—extended deadlines in all civil cases for nearly three months because of the COVID-19 emergency. As a result, McGhee's brief was due in late June. The general orders warned that they did "not affect the authority of judges to enter orders in any civil or criminal cases," and they instructed the Clerk to mail the orders to pro se litigants. The June deadline passed with no action from McGhee. Then 21 days later, with still no communication or filings from McGhee, the district court dismissed the case sua sponte for failure to prosecute.

McGhee unsuccessfully moved the court to reopen her case. She stated that the COVID-19 pandemic had distressed her and she did not realize that the court was open during the public-health emergency. Along with the motion, she filed the overdue brief, which argued that the bankruptcy court's dismissal should be overturned because of her attorney's incompetence and misinformation from a creditor. The district court denied the motion.

McGhee now argues that the district court wrongly dismissed her appeal because it did not notify her that the court was open during the COVID-19 pandemic. But McGhee, like all litigants, was responsible for monitoring her case by periodically checking the docket. See *Shaffer v. Lashbrook*, 962 F.3d 313, 317 (7th Cir. 2020). Had she done so, she would have seen the docket entries for the COVID-19 general orders. (We will assume that she did not receive her mailed copies.) By reading them, she would have learned about the pandemic's effect on court operations, the extension of briefing deadlines, and that the courts could still decide cases. McGhee thus cannot plead excusable ignorance on the ground that she assumed the court was closed rather than checking for herself.

McGhee also maintains that, in light of the turmoil and distress from the COVID-19 pandemic, the district court should have granted her motion to reopen. We review the refusal to reopen a dismissed case for abuse of discretion, and we will reverse "only when no reasonable person could agree" with the denial. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 953 (7th Cir. 2013) (internal quotation omitted). Although we recognize the challenges that COVID-19 poses for litigants, the district court was not required to treat the pandemic as an automatic excuse for the missed deadline here. To begin, McGhee received her requested two-month extension, and then to help adjust to the pandemic, she received further, and unrequested, extensions totaling 11 weeks. Moreover, McGhee gave the district court no reason why COVID-19 prevented her from checking the docket (to see that the court remained open) or requesting more time if the 11-week extension was insufficient. Under these circumstances, the district court acted within its broad discretion in refusing to reopen the case.

Finally, McGhee urges us to find that the bankruptcy court erred by dismissing her case for unreasonable delay. But we have jurisdiction to review only the orders under appeal: the district court's dismissal for failure to prosecute and denial of the motion to reopen. See *United States v. Bonk*, 967 F.3d 643, 648 (7th Cir. 2020). McGhee did not (and could not without special authorization, 28 U.S.C. § 158(d)(2)), appeal the bankruptcy court's decision to this court, so we do not review it.

The district court's judgment is AFFIRMED.