NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 2, 2021[*]
Decided June 2, 2021

*Before*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-1123

| | |
|---|---|
| MICHELLE L. DRIDI and DENNIS L. FULNER, *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:20-cv-01770-TWP-MPB |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., *Defendant-Appellee*. | Tanya Walton Pratt, *Chief Judge*. |

**O R D E R**

Michelle Dridi brought suit on behalf her father against American Family Mutual Insurance Company in Indiana state court. After American Family removed the suit to federal court, a magistrate judge cited a prohibition on non-lawyers litigating on behalf of another and directed the father to comply. The court dismissed the case without

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

prejudice when Dridi continued to represent her father. Because Dridi and her father ignored warnings that, as a non-attorney, Dridi could not represent her father (and she does not seek to pursue a personal claim), we affirm.

The complaint, signed by Dridi as "power of attorney" for her father, alleges that American Family breached its obligation to pay Dridi's father on his insurance claim after a fire destroyed his house. She is not a licensed attorney, and she does not assert a personal claim against American Family. A magistrate judge explained that a "power of attorney" does not confer the ability to practice law. He allowed her one month to find an attorney for the father; if she persisted in representing him, the judge warned that he would recommend dismissal.

Dridi and her father did not comply. During the next month, Dridi's father moved the court to recruit counsel. But he submitted no evidence of his financial status, so the magistrate judge denied the motion and reminded him of the need either to represent himself or find an attorney. Shortly before the one-month deadline, the father attested that he "want[ed]" to proceed pro se, but he needed his daughter to manage the case because, among other deficits, "[his] mind doesn't remember things like it used to." Interpreting this assertion as reflecting that Dridi would still control the father's litigation, the magistrate recommended dismissal. Dridi objected, arguing that, having "power of attorney" for her father, she had a right to argue her father's claims pro se. The district court overruled Dridi's objections, concluding that a power of attorney does not confer the ability to represent the principal. It then dismissed the complaint without prejudice under Federal Rule of Civil Procedure 41(b) for failing to comply with the order to secure an attorney. It also advised Dridi's father that he could refile himself or with the assistance of licensed counsel. So far as we know, he has done neither.

The appellate brief (which Dridi's father appears to authorize and which we may therefore consider) focuses principally on the merits of the contract claim. It contains only conclusory, undeveloped arguments about the ability of Dridi, unlicensed to practice law, to represent her father in the district court. Because of the absence of a response to the district court's rationale for dismissal, we could affirm on this basis alone. *Williams v. Bd. of Educ.*, 982 F.3d 495, 511 (7th Cir. 2020). But we explain why the district court permissibly dismissed the complaint under Rule 41(b).

As her father's attorney-in-fact but not a licensed attorney, Dridi could not represent him during the proceedings in the district court. We discussed this rule in *Elustra v. Mineo*, 595 F.3d 699, 702 (7th Cir. 2010). In that case a mother filed a false-imprisonment suit on behalf of her children. Although she could *file* the suit, we

enforced a federal rule that prohibited her from arguing on behalf of the children in federal court *during* the suit. *Id.* at 704. She needed to retain counsel because, like Dridi, she was not a lawyer and the claims were not her own. *Id.* at 704–05. Barring Dridi from representing her father "jealously guards the judiciary's authority to govern those who practice in its courtrooms." *Id.* at 705 (quoting *Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 400 (4th Cir. 2005)). Like the rule in *Elustra,* the Southern District of Indiana's rules permit "only members of the court's bar" to practice before it with an exception for pro se litigants representing themselves. S.D. Ind. Loc. R. 83-5(a)(1)–(2)(A). Litigants could circumvent this rule if they could confer the ability to practice law to anybody by the facile expedient of signing a power of attorney. Therefore, the district court reasonably decided that Dridi, acting as attorney-in-fact, cannot argue her father's claims pro se on his behalf.

The district court's decision to dismiss the suit without prejudice in order to enforce the non-compliance with this rule was also reasonable. Courts have the inherent authority to dismiss actions for a litigant's failure to obey reasonable court orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962); *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000). Before exercising this power, we have instructed district courts to warn litigants of the consequences of their disobedience. *Shaffer v. Lashbrook,* 962 F.3d 313, 316 (7th Cir. 2020). The district court here did so. It informed the father and Dridi of the rule, warned them that dismissal was possible if the father did not comply with the rule, and reminded them of the rule as the deadline for compliance neared. When the father did not comply after the deadline, the district court permissibly enforced the rule by dismissing his suit without prejudice and inviting him to refile.

We recognize that, in the father's affidavit, he said that he "want[s]" to proceed pro se, but the district court reasonably ruled that this aspiration was insufficient. First, the father acknowledged in the same affidavit that he was incapable of managing the litigation himself and needed his daughter to do so. Therefore, the court reasonably concluded that the father would not be able to fulfill his aspiration. Second, in Dridi's objections to the recommendation to dismiss, she argued only that she had the right to argue her father's case, not that he would control the litigation. With her disobedience of the court's order therefore evident, and with no indication of the father's willingness to comply with its order, the court's decision to dismiss the case without prejudice was sound. *See Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014).

AFFIRMED