**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 10, 2022[*]
Decided March 10, 2022

**Before**

DIANE P. WOOD, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-2595

| | |
|---|---|
| KENNY WAYNE SIMELTON, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 19-CV-00879-JPG |
| ALEXANDER COUNTY HOUSING AUTHORITY, et al., *Defendants-Appellees*. | J. Phil Gilbert, *Judge*. |

**O R D E R**

Kenny Simelton appeals the denial of his motion to reinstate his lawsuit, *see* FED. R. CIV. P. 60(b)(1), after it was dismissed because of his repeated failure to comply with discovery requests and the district court's orders, *see* FED. R. CIV. P. 41(b).

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

The district court did not abuse its discretion in denying the motion, which offered no valid excuse for Simelton's failure to prosecute his case. Thus, we affirm.

Simelton sued the Alexander County Housing Authority and four of its former directors for discrimination under Title VI of the Civil Rights Act, the Fair Housing Act, and the Illinois Civil Rights Act. *See* 42 U.S.C. §§ 2000d, 3604; 740 ILCS 23/5(b). He alleged that the defendants discriminated against him and other former residents of two Alexander County housing developments based on race and familial status.[1]

The case proceeded to discovery. The defendants served Simelton with a set of interrogatories and requests for production of documents, and he did not respond. When Simelton missed the 30-day discovery deadline, *see* FED. R. CIV. P. 33(b)(2), 34(b)(2)(A), the defendants mailed him a letter requesting his discovery responses within seven days. He did not reply, and the defendants moved to compel Simelton's responses. *See* FED. R. CIV. P. 37(a)(3)(B). Simelton did not respond to that motion either.

The district court granted the motion to compel, ordering Simelton to respond within 30 days to the defendants' discovery requests and warning "[f]ailure to do so will lead to dismissal." Simelton still did not respond, and the defendants moved to dismiss his complaint. *See* FED. R. CIV. P. 37(b)(2)(A)(v). They informed the court that Simelton told them he mailed the responses in early February, but that they never arrived. The defendants also mentioned that their counsel had moved offices and checked the mail at his previous address. Counsel filed the change-of-address notice with the court the day after Simelton's deadline to respond to the discovery requests expired.

The district court ordered Simelton, within 30 days, to show cause why he did not respond to the defendants' discovery requests. Simelton did not respond, and the defendants again requested dismissal.

The court dismissed the case with prejudice. Dismissal was appropriate, the court explained, for three reasons: Simelton failed (1) to prosecute his case by not responding to the defendants' motions to dismiss; (2) to comply with the Federal Rules

---

[1] The district court consolidated his suit with those of five other plaintiffs who made similar allegations. Because Simelton was the only plaintiff from the consolidated lawsuit to appeal, we do not address the other plaintiffs here.

by not engaging in discovery; and (3) to comply with the court's discovery and show-cause orders. *See* FED. R. CIV. P. 41(b).

Thirty-five days later, Simelton moved to reinstate the case under Rule 60(b) of the Federal Rules of Civil Procedure. Simelton argued that his case should not be dismissed because his lapses during discovery were based on an honest mistake and excusable neglect. *See* FED. R. CIV. P. 60(b)(1). Namely, he argued that he failed to comply with discovery requests and did not respond to the defendants' motions for dismissal because the defendants did not properly serve him.

After conducting a hearing (for which there is no transcript), the district court denied the Rule 60(b) motion. The court detailed the history of Simelton's failures to comply and concluded that he flagrantly disregarded the defendants' discovery requests despite ample opportunity to respond. Simelton's motion, the court continued, had identified no extraordinary circumstances that excused this conduct or warranted vacating the judgment. Specifically, Simelton did not provide—in his motion or at the hearing—any support for his claim of improper service, and the defendants showed that they served him the relevant discovery requests and motions by mailing those documents to the address Simelton had listed with the court.

Simelton now appeals, and we begin by addressing the appeal's scope. Because the appeal is not timely with respect to the district court's order of dismissal, we issued an order limiting review of the present appeal to the district court's order denying Simelton's Rule 60(b) motion. *See* FED. R. APP. P. 4(a)(1). Typically, "an appeal from the denial of a Rule 60(b) motion does not allow us to review the underlying decision." *United States v. Hassebrock*, 21 F.4th 494, 497 (7th Cir. 2021). But, in cases where the "district court's denial of the Rule 60(b) motion effectively amount[s] to reinforcing and standing by its original dismissal decision," we are, in effect, still reviewing the underlying dismissal order, though under a more deferential standard of review. *Krivak v. Home Depot U.S.A., Inc.*, 2 F.4th 601, 606 (7th Cir. 2021); *see also Shaffer v. Lashbrook*, 962 F.3d 313, 315 (7th Cir. 2020) ("[I]n a number of cases, we have considered the merits of the underlying judgment when reviewing whether a district erred by refusing to reinstate a case dismissed for want of prosecution."). Here, the district court's denial of Simelton's Rule 60(b) motion reinforced its original dismissal order, explaining in greater detail the reasons why it concluded that dismissal was appropriate. We are unable to extricate our review of the court's denial of Simelton's motion to reinstate from its original decision to dismiss the case, and so we will also perform a limited

review of the underlying order. We review both decisions for an abuse of discretion. *See Krivak*, 2 F.4th at 605–06.

Simelton contends that the district court wrongly dismissed his lawsuit as a sanction for failing to prosecute it or to comply with discovery. We take seriously the severity of the district court's sanction. "Dismissal for want of prosecution is an extraordinarily harsh sanction that should be used only in extreme situations." *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011) (internal citation omitted). Even so, we cannot say the district court abused its discretion by dismissing Simelton's case and denying his request for reconsideration. Simelton did not participate in his case for over six months, and in doing so failed to comply with two of the district court's orders, despite warnings that his continued inaction would lead to dismissal. Such conduct is an appropriate ground for dismissal. *See Shaffer*, 962 F.3d at 317.

Simelton claims for the first time on appeal that the district court should have excused his conduct because he sent the interrogatory responses, and it was not his fault that the defendants never received them. He says he sent the responses in March after the court granted the motion to compel, and the documents were never received because the defendants' attorney changed his address without setting up mail forwarding. These responses were eventually returned to him by mail, Simelton says, but not until almost three weeks after the case had been dismissed. Therefore, he contends, the district court should have granted him relief under Rule 60(b).

This argument fails for two reasons, each of which compels us to affirm the district court's ruling. First, Simelton waived this argument by failing to raise it in the district court. *See Mahran v. Advocate Christ Med. Ctr.*, 12 F.4th 708, 713 (7th Cir. 2021). Simelton never told the district court that his failure to comply with the discovery requests was because of the defendants' change of address. Instead, his Rule 60(b) motion argued only that the defendants improperly served him the requests. While we do not have a transcript of the hearing on the Rule 60(b) motion, Simelton does not mention having raised this argument at the hearing.

Second, the district court did not abuse its discretion by dismissing the suit. Simelton argues that his interrogatory responses were sent and not delivered, but he has provided no evidence to that effect, nor does it appear that he provided any to the district court. In fact, his contention that he sent the responses in March conflicts with the defendants' representation in the district court that Simelton told them he sent the responses in early February. Simelton offers no explanation for this discrepancy. But

even if we assume what Simelton says is true, this does not explain why he failed to respond to the defendants' other discovery request for the production of documents or why he did not comply with the court's orders compelling his discovery responses and to show cause, despite having received warnings that his failure to do so would lead to dismissal. *Cf. Sroga v. Huberman*, 722 F.3d 980, 982–83 (7th Cir. 2013) (reversing dismissal where plaintiff "offered a plausible reason why he did not receive the court's warning"). Nor does this excuse explain why he sent the interrogatory responses to the wrong address, given that he says he sent them several weeks after the defendants' counsel updated his address on the court's docket and mailed the notice of address change to Simelton. *See Shaffer*, 962 F.3d at 317 (litigants expected to stay apprised of developments in case by periodically monitoring the court's docket).

Because Simelton's arguments are waived and fail on their merits, we cannot find that the district court abused its discretion.

AFFIRMED